No. 21-11643

---

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

MUSCOGEE (CREEK) NATION, et al.,

Plaintiffs-Appellants,

v.

BUFORD ROLIN, et al.,

Defendants-Appellees.

---

**Appeal from the District Court of the United States for the Middle District of Alabama, Northern Division**
**District Court No. 2:12cv1079-MHT (CSC) (Hon. Myron H. Thompson)**

---

**TRIBAL DEFENDANTS-APPELLEES' SUPPLEMENTAL BRIEF**

---

Mark H. Reeves
**Kilpatrick Townsend & Stockton LLP**
Enterprise Mill, Suite 230
1450 Greene Street
Augusta, GA 30901
Tel: (706) 823-4206

Catherine F. Munson
**Kilpatrick Townsend & Stockton LLP**
701 Pennsylvania Ave, NW, Suite 200
Washington, D.C. 20004
Tel: (202) 824-1435

November 13, 2023

Charles A. Dauphin
**Dauphin Paris, LLP**
300 Vestavia Pkwy, Suite 3700
Birmingham, AL 35216
Tel: (205) 979-6019

*Attorneys for Defendants-Appellees*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, the undersigned counsel of record for the Appellees hereby certifies the following is a complete list of all trial judges, attorneys, persons, firms, partnerships, corporations, and other legal entities that have an interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10 percent of more of a party's stock, and other identifiable legal entities related to a party.

Allan, Aria – Counsel for Defendant/Appellee Auburn University

Auburn University – Defendant/Appellee

Balch & Bingham LLP – Counsel for Defendant/Appellee Auburn University

Benge, Shawn, Deputy Director of the National Park Service – Defendant/Appellee

Body, David Randall – Counsel for Defendant/Appellee Auburn University

Bryan Gantt, Amy – Defendant/Appellee

Bryan, Stephanie A. – Defendant/Appellee

Carter, Dewitt – Defendant/Appellee

Cohen, Devra R. – Counsel for Appellants

Dauphin, Charles A. – Counsel for Poarch Defendants/Appellees

Dauphin Paris, LLC – Counsel for Poarch Defendants/Appellees

The Department of the Interior – Defendant/Appellee

Dillard, McKnight, James & McElroy, LLP – Counsel for Appellants

DuBois, James J. – Counsel for Federal Defendants/Appellees

Flintco, LLC –former Defendant

Foster Garvey, P.C. – Counsel for Plaintiffs/Appellants

Gehman, David – Defendant/Appellee

Halland, Debra A., Secretary of the U.S. Department of the Interior – Defendant/Appellee

Haikey, Larry – Defendant/Appellee

Hammer, Jaime Stone – Counsel for Defendant/Appellee Auburn University

Heron, Rachel – Counsel for Federal Defendants/Appellees

Hickory Ground Tribal Town – Plaintiff/Appellant

Hollinger, Sandy – Defendant/Appellee

Jeffries, Arielle Mourrain – Counsel for Federal Defendants/Appellees

Kilpatrick Townsend & Stockton LLP – Counsel for Poarch Defendants/Appellees

King, Lauren – U.S. District Judge for the Western District of Washington and Former Counsel for Plaintiffs/Appellants

Knight, Griffin Lane – Attorney for Defendant/Appellee Auburn University

Lazarus, William B. – Attorney for Federal Defendants/Appellees

Manning, Timothy A. – Defendant/Appellee

Martin, Keith – Defendant/Appellee

McCune, Devon Lehman – Counsel for Federal Defendants/Appellees

McGhee, Brice – Defendant/Appellee

McGhee, Robert R. – Defendant/Appellee

McKnight, Stewart Davidson III – Counsel for Plaintiffs/Appellants

Meckel, Charlotte – Defendant/Appellee

Mothershed, Arthur – Defendant/Appellee

Munson, Catherine F. – Counsel for Poarch Defendants/Appellees

Muscogee (Creek) Nation – Plaintiff/Appellant

Nagle, Mary Kathryn – Counsel for Plaintiffs/Appellants

Newland, Bryan, Principal Deputy Assistant Secretary of Indian Affairs – Defendant/Appellee

Poarch Band of Creek Indians – Defendant/Appellee

PCI Gaming Authority d/b/a Wind Creek Hospitality – Defendant/Appellee

Poust, Teresa E. - Defendant/Appellee

Reeves, Mark H. – Counsel for Poarch Defendants/Appellees

Rolin, Buford – Defendant/Appellee

Schwarz, Jody H. – Counsel for Federal Defendants/Appellees

Sport, Morgan McCue – Counsel for Defendant/Appellee Auburn University

Sprague, Mary Gabrielle – Counsel for Federal Defendants/Appellees

Stabler, Justin – Defendant/Appellee

Thompson, George – Plaintiff/Appellant

Thompson, Myron H. – U.S. District Judge for the Middle District of Alabama

Tullis, Eddie L. – Defendant/Appellee

United States Department of Justice – Counsel for Federal Defendants/Appellees

Villagomez, Chloe – Counsel for Plaintiffs/Appellants

Walker, Jordan Dorman, Jr. – Attorney for Defendant/Appellee Auburn University

Woodruff, Westly L. – Defendant/Appellee

None of the Poarch Band affiliated appellees are nongovernmental corporate entities. There have been no changes since the Poarch Band affiliated appellees last filed an Amended Certificate of Interested Persons.

# **TABLE OF CONTENTS**

**PAGE**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ....................................................................... i

TABLE OF CONTENTS ................................................................................ v

TABLE OF AUTHORITIES ........................................................................ vi

SUMMARY OF THE ARGUMENT .............................................................1

ARGUMENT AND CITATIONS OF AUTHORITY ....................................3

I.     PBCI is a required party under Rule 19(a). .......................................3

       A.     The court cannot afford complete relief in PBCI's absence. ...............3

       B.     Proceeding in PBCI's absence would impair PBCI's ability to protect
              its interests and place the United States at risk of incurring
              inconsistent obligations. ........................................................5

              1.     *The Federal Defendants' presence will not prevent prejudice to
                     PBCI.* ...............................................................6

              2.     *PBCI's absence puts the U.S. at risk of inconsistent obligations.*
                     .........................................................................10

II.    Rule 19(b) supports dismissal....................................................12

III.   The public rights exception is inapplicable. ...............................16

IV.    Conclusion .................................................................................22

CERTIFICATE OF COMPLIANCE............................................................24

CERTIFICATE OF SERVICE ....................................................................25

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Am. Greyhound Racing, Inc. v. Hull*,
  305 F.3d 1015 (9th Cir. 2002) ....................................................................... 18, 19

*Cherokee Nation of Okla. v. Babbitt*,
  117 F.3d 1489 (D.C. Cir. 1997) ................................................................. passim

*Citizen Potawatomi Nation v. Norton*,
  248 F.3d 993 (10th Cir. 2001)................................................................. 6, 9, 10

*Confederated Tribes of the Chehalis Indian Rsrv. v. Lujan,*
  *928* F.2d 1496 (9th Cir. 1998) ...............................................................5

*Conner v. Burford*,
  848 F.2d 1441 (9th Cir. 1988),
  *cert. denied*, 489 U.S. 1012 (1989) .....................................................17

*Davis ex rel. Davis v. United States*,
  343 F.3d 1282 (10th Cir. 2003)................................................................. passim

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*,
  932 F.3d 843 (9th Cir. 2019)........................................................................ passim

*Enter. Mgmt. Consultants, Inc. v. United States ex rel. Hodel*,
  883 F.2d 890 (10th Cir. 1989).................................................................9, 21

*Fla. Wildlife Fed'n Inc. v. U.S. Army Corps of Eng'rs*,
  859 F.3d 1306 (11th Cir. 2017)........................................................ 14, 15, 21, 22

*Jamul Action Comm. v. Simermeyer*,
  974 F.3d 984 (9th Cir. 2020)....................................................................... passim

*Kescoli v. Babbitt*,
  101 F.3d 1304 (9th Cir. 1996)................................................................... passim

*Kickapoo Tribe of Indians of Kickapoo Rsrv. in Kan. v. Babbitt*,
  43 F.3d 1491 (D.C. Cir. 1995) ................................................................ 15, 17, 21

*Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*,
48 F.4th 934 (9th Cir. 2022),
*cert. denied* --- S. Ct. ----, 2023 WL 7117010 (Oct. 30, 2023) ................... passim

*Manygoats v. Kleppe*,
558 F.2d 556 (10th Cir. 1977) .......................................................9

*N. Arapaho Tribe v. Harnsberger*,
697 F.3d 1272 (10th Cir. 2012) ............................................ 11, 14

*Pit River Home & Agric. Co-op Ass'n v. United States*,
30 F.3d 1088 (9th Cir. 1994) ..................................... 4, 6, 22

*Republic of Philippines v. Pimentel*,
553 U.S. 851 (2008) ...............................................................21

*S.C. State Ports Auth. v. Fed. Mar. Comm'n*,
243 F.3d 165 (4th Cir. 2001) ...............................................21

*Shermoen v. United States*,
982 F.2d 1312 (9th Cir. 1992) ............................... 7, 15, 20

*White v. Univ. of Cal.*,
765 F.3d 1010 (9th Cir. 2014) .......................... 7, 17, 19, 21

*Wichita & Affiliated Tribes of Okla. v. Hodel*,
788 F.2d 765 (D.C. Cir. 1986) .......................... 6, 7, 15, 16

**Rules**

Fed. R. Civ. P. 19(a)(1)(A) ...............................................3, 5

Fed. R. Civ. P. 19(b) ..........................................................12

Fed. R. Civ. P. 19(b)(1).......................................................12

Fed. R. Civ. P. 19(b)(2).......................................................13

Fed. R. Civ. P. 19(b)(3).......................................................13

## SUMMARY OF THE ARGUMENT

After dismissing all claims against the Poarch Band of Creek Indians (the "Poarch Band"), PCI Gaming Authority ("PCI Gaming"), and the various Poarch Band leaders and officials (the "Tribal Officials") sued in their official capacities (collectively, "PBCI") due to sovereign immunity, the district court correctly dismissed all remaining claims under Rule 19. On appeal, the Federal Defendants for the first time argue that Rule 19 does not require dismissal of claims against them, contending that complete relief can be afforded in PBCI's absence, that the Federal Defendants share and can adequately represent PBCI's interests in this case, and that the Rule 19(b) factors weigh against dismissal. They further assert that even if Rule 19 supports dismissal of claims against the Federal Defendants, the public rights exception to traditional joinder rules operates to prevent dismissal here. Every one of these arguments is wrong.

The court could not afford complete relief in PBCI's absence both because any judgment would be nonbinding on PBCI and because the bulk of Plaintiffs' (collectively, "MCN") requested relief for their federal statutory claims runs against PBCI. And the Federal Defendants cannot adequately represent PBCI's interests for several reasons, including because: (1) this case presents an intertribal conflict; (2) the Federal Defendants demonstrably are unwilling to make all of the arguments that PBCI would make in defense of its interests; and (3) the Federal Defendants' general

1

interests in upholding federal decisions and implementing national Indian policy differ from PBCI's sovereign and economic interests in affirming the trust status of its property. Furthermore, any judgment rendered in PBCI's absence would not bind PBCI, leaving it free to relitigate these issues against the Federal Defendants and potentially subjecting them to multiple, inconsistent obligations.

The Rule 19(b) factors overwhelmingly support dismissal. PBCI's interests would be greatly prejudiced if this case proceeded in its absence, and there is no way to avoid that prejudice by tailoring relief. Additionally, resolution of MCN's claims only against the Federal Defendants would not bind PBCI or end the underlying dispute, rendering any judgment issued in PBCI's absence inadequate. And while dismissal may leave MCN without an adequate remedy for some of its grievances, that cannot overcome the weight of factors favoring dismissal given MCN's inability to join an absent, required sovereign.

Finally, the public rights exception is inapplicable. This dispute focuses on private, not public rights, and the public rights exception cannot be invoked when litigation threatens to destroy an absent party's legal entitlements or when an absent party has sovereign immunity.

The district court's decision should be affirmed.

## ARGUMENT AND CITATIONS OF AUTHORITY

The district court correctly determined that (1) PBCI is a required party under Rule 19 that cannot be joined due to sovereign immunity and (2) the claims against non-PBCI defendants cannot proceed in equity and good conscience in PBCI's absence. *See* Dkt. 40 at 52-63; Dkt. 36 at 986-93.[1] Its holding certainly was not an abuse of discretion, which is the standard of review for Rule 19 determinations. Dkt. 40 at 22. The Federal Defendants' newfound arguments do not change these facts.

## I.    PBCI is a required party under Rule 19(a).

An absent party can be required under Rule 19(a) in either of two ways. First, an absent party is required if the court cannot afford complete relief among existing parties in its absence. Fed. R. Civ. P. 19(a)(1)(A). Second, an absent party is required if it claims an interest in the subject of the litigation and is so situated that disposing of the action in its absence could (1) as a practical matter impair or impede its ability to protect its interest *or* (2) leave an existing party subject to a substantial risk of incurring double, multiple, or inconsistent obligations. PBCI satisfies both tests.

### A.    The court cannot afford complete relief in PBCI's absence.

The Federal Defendants assert that the Court can provide complete relief without PBCI's involvement. Dkt. 41 at 31-32. This is so, they argue, because MCN ostensibly alleges only APA and RFRA claims, and since neither statute authorizes

---

[1] Pin cites to filed documents are to the ECF generated page numbers atop each page.

relief against non-federal parties, complete relief is available to MCN "so long as Federal Defendants participate." *Id.* at 32.

The Federal Defendants' argument ignores the nature and scope of MCN's requested relief. As remedies for its federal causes of action, MCN asks the court to, *inter alia*: (1) issue "an order in the nature of mandamus" requiring PBCI to remove permanent improvements from its Wetumpka property, to restore the property to its pre-excavation and pre-construction condition, and to preserve it untouched in perpetuity; (2) grant a permanent injunction barring PBCI from interfering with MCN's exercise of its religious practices on PBCI's property; and (3) require PBCI to reinter all excavated cultural items in their original locations in consultation and cooperation with MCN. Second Amended Complaint (SAC), Dkt. 36 at 124-27. The Federal Defendants offer no suggestion as to how the court might grant this relief in PBCI's absence. As the district court held, the Federal Defendants cannot be compelled to remove improvements from PBCI's property, to preserve it, to provide MCN access to it, or to reinter artifacts on it. *See* Dkt. 36 at 988-89. It is thus impossible to grant complete relief in PBCI's absence. *See id.*; *see also, e.g.*, *Pit River Home & Agric. Co-op Ass'n v. United States*, 30 F.3d 1088, 1099 (9th Cir. 1994) (holding that plaintiff could not obtain complete relief against federal defendants for purposes of Rule 19(a) because any ruling would not bind an absent

tribal council); *Confederated Tribes of the Chehalis Indian Rsrv. v. Lujan,* 928 F.2d 1496, 1498-99 (9th Cir. 1998) (same).

The Federal Defendants also assume that MCN could not obtain relief against PBCI under its federal statutory claims, effectively asking the Court to determine that MCN's requested relief against PBCI is unavailable as a matter of law prior to conducting the Rule 19 analysis. This is improper.[2] *See, e.g.*, *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1291 (10th Cir. 2003) ("'The underlying merits of the litigation are irrelevant' to a Rule 19 inquiry …." (citation omitted)). The relevant consideration at this juncture is not whether the requested relief is ultimately available as a matter of law, but whether the court could provide that relief in PBCI's absence. It plainly could not. PBCI is thus a required party under Rule 19(a)(1)(A).

## B.  Proceeding in PBCI's absence would impair PBCI's ability to protect its interests and place the United States at risk of incurring inconsistent obligations.

PBCI is also required under Rule 19(a)(1)(B). The Federal Defendants do not (and could not credibly) dispute that PBCI claims an interest in the subject matter of this litigation. They instead argue that (1) they can adequately represent PBCI's interests, so PBCI will not be prejudiced if the case proceeds without it and (2)

---

[2] PBCI agrees that MCN ultimately cannot obtain relief against PBCI through its federal statutory (or other) claims, but that is a merits issue irrelevant to the Rule 19 analysis.

proceeding without PBCI does not place the United States at risk of incurring inconsistent obligations. Neither argument has merit.

### 1.    *The Federal Defendants' presence will not prevent prejudice to PBCI.*

The Federal Defendants cannot adequately represent PBCI's interests in this case such that there is no risk of prejudice to PBCI from proceeding in its absence. While courts have recognized that the federal government may, in limited circumstances, adequately represent an absent tribe's interest for Rule 19 purposes, those circumstances do not exist here for several reasons.

First, federal appellate courts have repeatedly held that the United States cannot adequately represent absent tribes in intertribal disputes, as federal obligations to both tribes inevitably give rise to potential conflicts. *See, e.g.*, *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 998 (9th Cir. 2020) (holding that the U.S. could not adequately represent an absent tribe's interest in an action by individual Indians challenging the trust status of tribal land); *Pit River*, 30 F.3d at 1101; *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 999 (10th Cir. 2001) (holding that the U.S. cannot adequately represent absent tribes' interests when "some tribes may gain, while some tribes may lose"); *Wichita & Affiliated Tribes of Okla. v. Hodel*, 788 F.2d 765, 775 (D.C. Cir. 1986) (holding that the U.S.'s obligations as trustee were "necessarily split" among the parties to an intertribal dispute). This remains true even when "the United States might share the same

6

ultimate goal as the absent tribes, namely that of vindicating" the legality of federal action. *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992).

Second, courts determining whether an existing party adequately represents an absent party's interests look to whether (1) the parties' interests are so similar that the existing party "'will undoubtedly make all' of the absent party's arguments" and (2) "whether the party is 'capable of and willing to make such arguments.'" *Id.* (citations omitted). As the Federal Defendants demonstrate in their brief, they absolutely are *not* willing and able to make all of PBCI's arguments. To imply otherwise while asking this Court to vacate the granting of PBCI's motion to dismiss on Rule 19 grounds is perplexing. Furthermore, even if the Federal Defendants were willing and able to make all of PBCI's arguments before the district court, it is far from clear that they would appeal an adverse ruling in PBCI's absence, a fact that courts have cited in finding inadequate representation of an absent party's interests. *See, e.g.*, *White v. Univ. of Cal.*, 765 F.3d 1010, 1027 (9th Cir. 2014); *Cherokee Nation of Okla. v. Babbitt*, 117 F.3d 1489, 1497 (D.C. Cir. 1997) ("Moreover, even were the Department vigorously to represent the Delawares … in the district court, the Department might decide not to appeal any unfavorable decision."); *Wichita & Affiliated Tribes*, 788 F.2d at 774 (noting absent tribes' "vital interest in … retaining the ability to appeal any adverse judgment").

Third, while the Federal Defendants and PBCI may have overlapping interests in "defending the challenged federal action," Dkt. 41 at 33, that does not mean that their interests are sufficiently identical to allow proceeding in PBCI's absence. The Federal Defendants have interests in upholding federal law and seeking rulings favorable to federal policies—policies such as the United States' position on Rule 19's application in this case, which is directly opposite PBCI's. PBCI, in contrast, has more immediate and fundamental interests in maintaining sovereignty and control over its trust lands, in continuing to operate a facility in which it has invested substantial resources, and in not having its rights adjudicated without its consent or participation. As the court below correctly found, PBCI's "ability to protect its interest in continuing to operate its casino on its land [is] an interest not shared by the Federal Defendants." Dkt. 36 at 988.

This Court's sister circuits have recognized that "[a]lthough Federal Defendants have an interest in defending their decisions, their overriding interest … must be in complying with" federal law, an interest that may "differ[] in a meaningful sense" from a tribe's "sovereign interest" in controlling its territory and making decisions in its economic best interests. *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 855 (9th Cir. 2019); *see also Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F.4th 934, 945 (9th Cir. 2022), *cert. denied* --- S. Ct. ----, 2023 WL 7117010 (Oct. 30, 2023), (holding that

8

the U.S. could not represent an absent tribe's interests where the two "share[] an interest in the ultimate outcome … for very different reasons"); *Citizen Potawatomi*, 248 F.3d at 1000 (distinguishing the federal interest in "implement[ing] national Native American policy" from the absent tribe's "interest in receiving the funds at issue"); *Kescoli v. Babbitt*, 101 F.3d 1304, 1310 (9th Cir. 1996); *Enter. Mgmt. Consultants, Inc. v. United States ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989) (holding that the U.S.'s presence did not adequately protect an absent tribe's interest in "its sovereign right not to have its legal duties judicially determined without [its] consent"); *Manygoats v. Kleppe*, 558 F.2d 556, 558 (10th Cir. 1977) (holding that federal defendants' duty to follow federal environmental laws "is not necessarily coincidental with the interest of the Tribe," so "representation of the Indians by the United States is not adequate"). Because the Federal Defendants' interests in defending their decisions and supporting federal policy preferences differ from PBCI's sovereign interests in its property and economic interests in its facilities, the Federal Defendants' presence will not prevent the risk of prejudice to PBCI should the case proceed in its absence.

The Federal Defendants passingly imply that they can represent PBCI's interests because PBCI's sovereignty over its trust land results from federal action. *See* Dkt. 41 at 33. Unsurprisingly, they cite no law supporting this bald statement, and numerous courts have held that interests equal to or less than PBCI's interest in

this case satisfy Rule 19(a) despite being derived from federal law or action. *See, e.g.*, *Klamath*, 48 F.4th at 943 (holding that tribes were required parties in action affecting their federally reserved water rights); *Jamul*, 974 F.3d at 997 ("[T]he Village has a protected interest in the trust status of its land."); *Citizen Potawatomi*, 248 F.3d at 998 (holding that absent tribes had a protected interest in litigation over the formula for distributing funding available under federal law); *Cherokee Nation*, 117 F.3d at 1498 (holding that a tribe had a protectable interest in action challenging federal recognition decision). The Federal Defendants' sweeping, paternalistic insinuation that sovereign tribal nations have no legally protected interests in benefits derived from federal action is not supported by law or reason. Moreover, the Federal Defendants' assertion that a judgment favoring MCN would leave PBCI "in the same position they would have been if the federal agency had never taken the challenged action in the first place" is simply wrong given that PBCI has invested significantly in developing its property based on its trust status. Dkt. 41 at 33.

### 2.    *PBCI's absence puts the U.S. at risk of inconsistent obligations.*

The Federal Defendants also argue, again without citation of any authority, that PBCI's "absence puts the federal government at no greater risk" of incurring multiple or inconsistent obligations "than necessarily inheres in APA or RFRA litigation, given that agency action can often be challenged by multiple aggrieved parties in multiple jurisdictions." Dkt. 41 at 32. Case law again indicates otherwise.

10

Courts have repeatedly held that a risk of inconsistent obligations arises when a judgment would be non-binding on an absent, interested party that would remain free to sue the existing defendants over the same issue. *See, e.g.*, *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1279 (10th Cir. 2012)) ("Even if the court were to rule in favor of the State … [it] would be left at a substantial risk of inconsistent obligations, because nothing would stop the Eastern Shoshone, unbound by the decision, from relitigating the issue."); *Davis*, 343 F.3d at 1292 (noting that an absent tribe would not be bound by a potential judgment, leaving it free to file suit against the federal defendants and leave them facing inconsistent judgments); *Confederated Tribes*, 928 F.2d at 1498-99 (affirming Quinault Tribe's status as a required party in part because "[j]udgment against the federal officials would not be binding on the Quinault Nation, which could continue to assert sovereign powers and management responsibilities over the reservation"). It goes without saying that PBCI, which would not be bound by any judgment rendered in its absence, would pursue every available avenue—including litigation against the Federal Defendants—to preserve its sovereignty and control over its land. Proceeding in its absence thus would place the Federal Defendants at risk of incurring multiple, inconsistent obligations, further cementing PBCI's status as a required party under Rule 19(a). The district court did not abuse its discretion by so finding.

11

## II.    Rule 19(b) supports dismissal.

PBCI's status as a required party under Rule 19(a) necessitates consideration of whether the case may proceed "in equity and good conscience" in PBCI's absence. Fed. R. Civ. P. 19(b). Rule 19(b) identifies four factors relevant to this determination, which are set forth in the Federal Defendants' brief. Dkt. 41 at 34. Contrary to the Federal Defendants' arguments, the weight of these factors favors dismissal of MCN's claims against the Federal Defendants, and the district court did not abuse its discretion in so holding. *See* Dkt. 36 at 991-93.

The Federal Defendants baldly assert that their presence in the suit obviates any risk of prejudice to PBCI such that the first two Rule 19(b) factors (potential for prejudice and for shaping relief to avoid it) weigh against dismissal. Dkt. 41 at 34. They are wrong.

Rule 19(b)(1)'s prejudice inquiry largely duplicates Rule 19(a)'s necessary party analysis. *See Dine Citizens*, 932 F.3d at 857; *N. Arapaho*, 697 F.3d at 1282. As explained above, and as the district court found, a judgment rendered in PBCI's absence would severely prejudice PBCI's interests in the status and control of its land and its ability to continue gaming there. Dkt. 36 at 988, 991-92; *see also Jamul*, 974 F.3d at 998 ("Equity and good conscience do not permit an action disputing the Village's … ownership of land in a suit in which the Village cannot be joined."); *Dine Citizens*, 932 F.3d at 857. It would also potentially prejudice the Federal

Defendants by leaving them at risk of multiple, inconsistent judgments. The district court did not abuse its discretion in finding that this factor favors dismissal.

Rule 19(b)(2) asks whether the district court could shape relief to limit or avoid prejudice to an absent party. The district court found that it could not, as MCN's requested relief would "all but entirely demolish PBCI's control over part of its tribal land" and there are no "circumscribed remedies the plaintiffs could seek against the other defendants that would eliminate the burden on PBCI's interests." Dkt. 36 at 991-92. Other courts have reached similar conclusions. For instance, in *N. Arapaho*, the Tenth Circuit found no way to shape relief to limit potential prejudice where the status of Indian land was at issue—"the area either is Indian country, or it is not." 697 F.3d at 1282; *see also, e.g.*, *Klamath*, 48 F.4th at 948 (finding no way to shape or limit relief where the parties' positions were "mutually exclusive"); *Kescoli*, 101 F.3d at 1311 (agreeing that Rule 19(b)(2) favored dismissal when plaintiff sought to invalidate leases she claimed violated federal law by allowing mining too close to sacred burial sites). The district court did not abuse its discretion in finding that Rule 19(b)(2) supports dismissal.

Rule 19(b)(3) also supports dismissal, as a judgment rendered in PBCI's absence would be inadequate. The Federal Defendants summarily assert that this factor weighs against dismissal because a judgment rendered under the APA or RFRA would be enforceable only against them. Dkt. 41 at 35. While a judgment

13

rendered in PBCI's absence of course would not be enforceable against nor binding on PBCI, that is immaterial. As this Court has explained, "adequacy refers to more than just the enforceability of a judgment against particular parties; it refers to 'the public stake in settling disputes by wholes, whenever possible'" and also includes "considerations of efficiency." *Fla. Wildlife Fed'n Inc. v. U.S. Army Corps of Eng'rs*, 859 F.3d 1306, 1319 (11th Cir. 2017) (citation omitted).

As explained above and found by the district court, Dkt. 36 at 992, adjudicating MCN's claims in PBCI's absence would not provide adequate relief. If MCN prevailed, PBCI would remain free to relitigate the status of its land and other issues against the Federal Defendants, necessarily resulting in inefficiency and potentially leading to inconsistent results. *See N. Arapaho*, 697 F.3d at 1283 ("There would be nothing 'complete, consistent [or] efficient' about the settlement of this controversy if the State of Wyoming were required to relitigate the issue with the Eastern Shoshone, with potentially different results." (alternation in original) (internal citation omitted)); *Davis*, 343 F.3d at 1292-93. Nor under any circumstances would a judgment adjudicating MCN's rights vis-à-vis the Federal Defendants finally resolve this "longstanding dispute" between PBCI and MCN. Dkt. 36 at 992. And even if that were not so, courts repeatedly have held that where the first two Rule 19(b) factors favor dismissal, that trumps the remaining factors cutting the other way. *See, e.g.*, *Kescoli*, 101 F.3d at 1311; *Kickapoo Tribe of Indians*

*of Kickapoo Rsrv. in Kan. v. Babbitt*, 43 F.3d 1491, 1498 (D.C. Cir. 1995); *Shermoen*, 982 F.2d at 1319; *Wichita & Affiliated Tribes*, 788 F.2d at 777. The district court's analysis of Rule 19(b)(3) was not an abuse of discretion.

PBCI's Appellees' Brief explains that while the fourth Rule 19(b) factor may weigh against dismissal in this case, that cannot overcome the weight of other factors favoring dismissal. Dkt. 40 at 57-58. PBCI incorporates that discussion by reference.

As the foregoing shows, the district court did not abuse its discretion by dismissing MCN's claims against the Federal Defendants. Yet the Federal Defendants offer one final criticism, asserting that the district court's Rule 19 analysis placed too much weight on PBCI's sovereign immunity. Dkt. 41 at 35-36. The district court did give weight to PBCI's immunity, as mandated by the Supreme Court, this Court, and "a wall of circuit authority." *Klamath*, 48 F.4th at 947 (citation omitted). Indeed, Supreme Court precedent "leaves little room" for analysis once the court determines that a required, absent party cannot be joined because of sovereign immunity. *Fla. Wildlife*, 859 F.3d at 1320; *see also, e.g.*, *Jamul*, 974 F.3d at 998; *Davis*, 343 F.3d at 1293; *Kescoli*, 101 F.3d at 1311 ("If the necessary party is immune from suit, there may be 'very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the compelling factor.'" (citation omitted)); *Wichita & Affiliated Tribes*, 788 F.2d at 777.

The Federal Defendants suggest a different result here, implying that the district court's decision would bar APA review of any federal agency actions that benefit absent sovereigns. Dkt. 41 at 36-37. This concern seems overblown or outright misplaced, as a broad, longstanding body of precedent discussed throughout this brief recognizes that cases challenging federal actions are properly dismissed under Rule 19 when they threaten the established rights of absent tribal nations. *See, e.g.*, *Klamath*, 48 F.4th at 945; *Jamul*, 974 F.3d at 997; *Davis*, 343 F.3d at 1293; *Cherokee Nation*, 117 F.3d at 1497; *Kescoli*, 101 F.3d at 1310. Indeed, courts have rejected the Federal Defendant's position at least as far back as 1986, when the D.C. Circuit acknowledged that its decision to dismiss claims implicating the interests of the Wichita and Affiliated Tribes might preclude "review otherwise available" under the APA but held that such an outcome was acceptable in the limited number of cases that "directly implicate[] a third-party tribe." *Wichita & Affiliated Tribes*, 788 F.2d at 778 n.14. There is no reason to depart from this unbroken line of precedent, and the district court did not abuse its discretion by declining to do so.

## III.    The public rights exception is inapplicable.

Finally, the Federal Defendants assert that the district court abused its discretion by not applying the common law public rights exception, a "limited 'exception to traditional joinder rules'" that sometimes allows cases to proceed despite a plaintiff's inability to join a required party. *Dine Citizens*, 932 F.3d at 858

16

(quoting *Conner v. Burford*, 848 F.2d 1441, 1459 (9th Cir. 1988), *cert. denied*, 489 U.S. 1012 (1989)). They are once again incorrect.

The public rights exception applies only in litigation that "'transcend[s] the private interests of the litigants and seek[s] to vindicate a public right,'" and while it may apply in a case that will "'adversely *affect* the absent parties' interests,'" it cannot be invoked where the litigation threatens to "'*destroy* the legal entitlements of the absent parties.'" *Dine Citizens*, 932 F.3d at 858 (quoting *Kescoli*, 101 F.3d at 1311); *see also White*, 765 F.3d at 1028. Courts have further limited the exception's application to cases requiring "the joining of an infeasibly large number of parties" and have noted an absence of case law "applying the public rights exception in the face of the absent party's immunity." *Kickapoo Tribe*, 43 F.3d at 1500. Each and every one of these considerations militates against applying the exception here.

First, MCN is not seeking to vindicate public rights.[3] The Ninth Circuit's opinion in *Kescoli* is instructive on this point. There, Kescoli sued federal officials seeking to invalidate mining leases on the Navajo Nation's reservation because she believed that mining activity would disturb sacred burial sites in violation of federal law. *See* 101 F.3d at 1307-08. After determining that the Nation was a required and indispensable party under Rule 19, the court found the public rights exception inapplicable because "Kescoli's claim 'is a private one focused on the merits of her

---

[3] MCN has never argued otherwise, either below or in its Appellants' Brief.

dispute rather than on vindicating a larger public interest.'" *Id.* at 1311 (citation omitted). As the Ninth Circuit further explained, while she claimed to represent interests broader than her own, "Kescoli's action is essentially private in nature, limited to a disagreement over" how the Nation should treat mining in the vicinity of burial sites on its reservation. *Id.*

MCN's claims are essentially identical to Kescoli's in this respect. The SAC, Dkt. 36 at 49, *et seq.*, makes no pretense of enforcing broad public rights—it seeks to address actions deemed offensive by MCN, mandate consultation with MCN, repatriate remains and artifacts to MCN, rescind the trust status of the Poarch Band's land and have it placed in constructive trust for MCN's benefit, and to require the removal of permanent improvements and the restoration of the property to MCN's specifications. *Id.* at 124-27. While MCN's claims, like "[a]lmost any litigation … can be characterized as an attempt to make one party or another act in accordance with the law," they plainly focus more on advancing MCN's private interests than any broader public interest. *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1026 (9th Cir. 2002); *id.* at 1026 ("The general subject of gaming may be of great public interest, but the rights in issue between the plaintiffs in this case, the tribes and the state are more private than public.") *see also Dine Citizens*, 932 F.3d at 860 (finding the public rights exception inapplicable when litigation was "'not limited to

ensuring an agency's future compliance with statutory procedures'" (quoting *Kescoli*, 101 F.3d at 1312)).

The D.C. Circuit's opinion in *Cherokee Nation* is also on point. *See* 117 F.3d 1489. There, the court affirmed that the Delaware Tribe was necessary to the Cherokee Nation's suit challenging the Delaware Tribe's federal recognition. While recognizing the issue's paramount importance to the litigants, the D.C. Circuit held that the federal government's action in recognizing the Delaware Tribe did not "involve a matter of ... 'transcending importance'" sufficient to invoke the public rights exception. *Id.* at 1497 (citation omitted). Instead, like the case at bar, the dispute involved "the relationship between two [tribes] and their respective relationships with the federal government. While issues of sovereignty are fundamental in nature, as narrowly posed here between two groups, there is simply no necessity requiring invocation of an exception to Rule 19." *Id.* The public rights exception was thus inapplicable, just as it is here.

Second, even if MCN sought to vindicate public rights, the exception is inapplicable where the litigation "*threatens* to destroy an absent party's legal entitlements." *Dine Citizens*, 932 F.3d at 860; *see also Am. Greyhound*, 305 F.3d at 1026 (holding the exception inapplicable where the action did not "*incidentally* affect the gaming tribes in the course of enforcing some public right" but was instead "*aimed* at the tribes and their gaming"); *White*, 765 F.3d at 1028 ("[T]he public rights

19

exception cannot apply here because the rights of the Tribes … will be extinguished if the Plaintiffs prevail in their claims."); *Kescoli*, 101 F.3d at 1311 (noting that the exception cannot apply if the litigation could "destroy the legal entitlements of the absent parties" (citation omitted)). This is so even when the litigation seeks to enforce public rights. *See, e.g.*, *Shermoen*, 982 F.2d at 1319 (acknowledging that "some of the interests [plaintiffs] seek to vindicate … are public rights" but still holding the exception inapplicable "[b]ecause of the threat to the absent tribes' legal entitlements" (citation omitted)).

MCN's claims unquestionably threaten to destroy PBCI's legal entitlements. The first, and most significant, relief sought in the SAC is an order requiring the Secretary of the Interior to rescind the trust status of PBCI's Wetumpka property. *See* Dkt. 36 at 124. Such an order would destroy PBCI's sovereignty over the property and its concomitant legal entitlement to the benefits associated with having land held in trust by the federal government. *See* Dkt. 36 at 992; PBCI Appellees' Brief, Dkt. 40 at 41-43 (discussing some of the legally significant implications of trust status); *Kescoli*, 101 F.3d at 1312 (declining to apply the public rights exception where the litigation threatened tribal sovereign interests and rights of self-governance). Indeed, MCN explicitly concedes that "a judgment on the Nation's claims against the Federal Defendants rendered in Poarch's absence is likely to

20

prejudice Poarch." Dkt. 31 at 57. This threat to PBCI's legal entitlements constitutes a separate and independent basis for declining to invoke the public rights exception.

Third, this case "does not require the joining of an infeasibly large number of parties," a factor that at least one of this Court's sister circuits has deemed relevant when declining to apply the public rights exception. *See Kickapoo Tribe*, 43 F.3d at 1500; *Cherokee Nation*, 117 F.3d at 1497. MCN had no trouble identifying and naming the PBCI officials whom it deemed necessary to vindicate its rights; it simply cannot proceed against them due to tribal sovereign immunity.

Fourth, and finally, there appears to be no case law applying the public rights exception "in the face of the absent party's immunity." *Kickapoo Tribe*, 43 F.3d at 1500; *see also S.C. State Ports Auth. v. Fed. Mar. Comm'n*, 243 F.3d 165, 179 n.* (4th Cir. 2001) (rejecting the argument that the public rights doctrine could be invoked to overcome sovereign immunity). The Federal Defendants certainly have not cited any. This is an important consideration given the Supreme Court's directive to give adequate weight to the immunity of absent sovereigns in conducting joinder analysis. *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 864-87 (2008); *see also Fla. Wildlife*, 859 F.3d at 1318, 1320 (discussing *Pimentel*); *White*, 765 F.3d at 1028; *Enter. Mgmt.*, 883 F.2d at 894 ("When, as here, a necessary party under Rule 19(a) is immune from suit, 'there is very little room for balancing of other factors' set out in Rule 19(b), because immunity 'may be viewed as one of those interests

21

compelling by themselves.'" (citations omitted)). PBCI's sovereign immunity thus provides yet another basis for finding the public rights exception inapplicable.

The Federal Defendants do not discuss these factors in their brief, instead baldly asserting that "[s]o long as claims seek only to settle the legality of federal government action, not to bind or enjoin any non-government actor, the public-rights exception applies." Dkt. 41 at 38. No court has formulated the test like this, and the cases discussed above mandate a more nuanced approach.[4] And even if the Federal Defendants' formulation were accurate, MCN's claims in this action, as discussed *supra*, very much seek to bind and enjoin PBCI. The public rights exception does not apply for any number of reasons.

## IV.    Conclusion

The district court did not abuse its discretion by dismissing MCN's claims against the Federal Defendants. PBCI has tremendous interests in this case that would be placed at significant risk if MCN's claims proceeded in its absence, but its sovereign immunity prevents its joinder and there is no way that the district court could grant adequate relief or shape relief to limit the risk of prejudice in PBCI's

---

[4] Indeed, courts frequently note that a judgment would not be binding on absent parties as a factor *supporting* dismissal under Rule 19. *See, e.g.*, *Fla. Wildlife*, 859 F.3d at 1318; *Davis*, 343 F.3d at 1292; *Pit River*, 30 F.3d at 1099.

absence. This Court should reject the Federal Defendants' newly asserted arguments and affirm the district court's Rule 19 ruling.

Submitted this 13th day of November, 2023.

/s/ Mark H. Reeves
Mark H. Reeves
**Kilpatrick Townsend & Stockton LLP**
Enterprise Mill, Suite 230
1450 Greene Street
Augusta, GA 30901
Tel: (706) 823-4206
mreeves@kilpatricktownsend.com

Catherine F. Munson
**Kilpatrick Townsend & Stockton LLP**
701 Pennsylvania Ave, NW, Suite 200
Washington, D.C. 20004
Tel: (202) 824-1435
cmunson@kilpatricktownsend.com

Charles A. Dauphin
**Dauphin Paris, LLP**
300 Vestavia Pkwy, Suite 3700
Birmingham, AL 35216
Tel: (205) 979-6019
cdauphin@dauphinparis.com

*Attorneys for PBCI Defendants-Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.　　This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) concerning reply briefs because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,419 words.

2.　　This document complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO **(Version 2306 Build 16.0.16529.20226) 32-bit** in 14-point Times New Roman font.

Dated: 11/13/2023　　　　　　/s/ Mark H. Reeves
　　　　　　　　　　　　　　Mark H. Reeves

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 13th day of November, 2023, I electronically filed the forgoing Appellees' Supplemental Brief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered CM/ECF users.

<u>/s/ Mark H. Reeves</u>
Mark H. Reeves