**U.S. Department of Justice**

Environment and Natural Resources Division

90-2-4-13882

*Appellate Section*　　　　　　　　　　　　　　　　　　　　　　　　　　　*Telephone (202) 532-3140*
*P.O. Box 7415*
*Ben Franklin Station*
*Washington, DC 20044*

July 31, 2024

<u>**Via CM/ECF**</u>

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

　　　　Re:　*Muscogee (Creek) Nation, et al. v. Buford Rollin, et al.*,
　　　　　　No. 21-11643-W, Notice of Supplemental Authority under Rule 28(j)

Dear Mr. Smith:

　　　　On July 1, 2024, the Supreme Court issued an opinion in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 144 S. Ct. 2440, 2024 WL 3237691 (2024). A business incorporated in 2017 sued under the APA in 2021 to challenge a Federal Reserve Board rule issued in 2011. The Court held that Section 2401(a)'s six-year limitations period for APA suits did not bar the action, because a claim "first accrues" under Section 2401(a) when a plaintiff "suffers an injury from final agency action." 144 S. Ct. at 2450. In other words, "a claim does not 'accrue' as soon as the defendant acts, but only after the plaintiff suffers the injury required to press her claim in court." *Id.* at 2451.

　　　　In our brief, which was filed before the Supreme Court granted certiorari in *Corner Post*, we asserted that three of Plaintiffs' claims were barred under Section 2401(a) as an alternative basis on which this Court could affirm the district court's dismissal of those claims against Federal Defendants. *See* Fed. Defs.' Br. 27-35 (describing statute-of-limitations defects in Plaintiffs' Indian Reorganization Act, National Historic Preservation Act, and Archaeological Resources Protection Act claims). In support of that argument, our brief cited a pre-*Corner Post* statement that an APA "right of action first accrues on the date of the final agency action." *See* Fed. Defs.' Br. 29 (quoting *Hardin v. Jackson*, 625 F.3d 739, 743 (D.C. Cir. 2010)). In light of *Corner Post,* it is no longer accurate to say that right of action in an APA

suit always accrues on the date of final agency action for purposes of Section 2401(a).

Federal Appellees presented multiple grounds for affirmance, and therefore the Court need not address when Plaintiffs' claims first accrued. *See* Fed. Defs.' Br. 27-35 (discussing standing, final agency action, and other defects). To the extent that the Court believes that the statute-of-limitations question may be dispositive, Federal Appellees are prepared to provide supplemental briefing. Alternatively, the Court could remand to the district court to consider the timeliness of Plaintiffs' claims given the intervening change in law.

Respectfully submitted,

*/s/ Arielle Mourrain Jeffries*
Arielle Mourrain Jeffries
arielle.jeffries@usdoj.gov

Counsel for Federal Appellees


cc: All counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

      This letter complies with the word limitations of Federal Rule of Appellate Procedure 28(j) because, excluding the parts of the document exempted by Rule 32(f), the document contains 348 words. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the letter has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

                                            */s/ Arielle Mourrain Jeffries*
                                            Arielle Mourrain Jeffries

                                            Counsel for Federal Appellees