August 1, 2024

**V<small>IA</small> CM/ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

    Re: *Muscogee (Creek) Nation, et al. v. Buford Rollin, et al.,* No. 21-11643-W, Appellants' Response to Federal Appellee's Notice of Supplemental Authority under Rule 28(j)

Dear Mr. Smith:

  On July 31, 2024, Federal Appellees filed a Notice of Supplemental Authority, conceding that the recent United States Supreme Court decision in *Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 603 U.S. __, 144 S. Ct. 2440 (July 1, 2024) undercuts its argument that the Indian Reorganization Act ("IRA"), National Historic Preservation Act ("NHPA"), and Archaeological Resources Protection Act ("ARPA") claims are time-barred. Doc. 75, 2-3. Federal Appellees acknowledge their position that a right of action in an Administrative Procedure Act ("APA") suit accrues on the date of final agency action is no longer accurate under *Corner Post*. *Id.* We agree.

  In *Corner Post*, the Supreme Court held that an APA claim "does not accrue for purposes of § 2401(a)'s 6-year statute of limitations until the plaintiff is injured by final agency action." *Corner Post*, 603 U.S. at __, 144 S. Ct. at 2460. As confirmed in *Corner Post*, the IRA, NHPA and ARPA claims are not time-barred because the claims do not accrue until injury is suffered. As described in our Reply, the Appellants' injuries under the IRA, NHPA and ARPA occurred within the statute of limitations. *See* Doc. 49, 25-26 (relating to IRA claims), 29-32 (relating to NHPA claims) & 32-34 (relating to APRA claims).

  We respectfully request this Court to acknowledge *Corner Post* clarifies and controls the statute of limitations for the claims in this case, further supporting our position that the claims are not time-barred. Furthermore, *Corner Post* demonstrates why the record is not sufficiently developed for this Court to affirm the District Court's dismissal of the case on these alternative grounds. Therefore, we do not support additional briefing on this supplemental authority because factual findings

still need to be made by the District Court before the statute of limitations questions can be decided. We ask this Court to reverse the District Court's dismissal based upon sovereign immunity and Rule 19, and to remand all other issues for the District Court's consideration.

            Respectfully submitted,

            /s/ Mary Kathryn Nagle
            Mary Kathryn Nagle
            ATTORNEY AT LAW
            P.O. Box 506
            McLean, VA 22101
            (202) 407-0591

            *Counsel for Plaintiffs-Appellants*

cc: All counsel of record (via CM/ECF)

## **CERTIFICATE OF COMPLIANCE**

This letter complies with the word limitations of Federal Rule of Appellate Procedure 28(j) because, excluding parts of the document exempted by Rule 32(f), the document contains 330 words. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the letter has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

    /s/ Mary Kathryn Nagle
Mary Kathryn Nagle

*Counsel for Plaintiffs-Appellants*